# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS-MARTIN HAPPLE and CARLA HAPPLE, | : : : |
| Plaintiffs, | : : |
| v. | : Civ. No. 24-89-GBW : |
| MAT ISHBIA, JAMES DARAS, MCCALLA RAYMER, and CENLAR FSB, | : : : : |
| Defendants. | : : |

Thomas-Martin Happle and Carla Happle, Millsboro, Delaware. Pro Se Plaintiffs.

Melanie J. Thompson, Esq., Orlans PC, Wilmington, Delaware. Counsel for Defendant Ishbia.

Daniel M. Pereira, Esq., and Julie M. Murphy, Esq., Stradley Ronon Stevens & Young, LLP, Wilmington, Delaware. Counsel for Defendants Daras and Cenlar FSB.

Benjamin P. Chapple, Esq., Reed Smith, LLP, Wilmington, Delaware. Counsel for Defendant Raymer.

**MEMORANDUM OPINION**

September 24, 2024
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

Plaintiffs Thomas-Martin Happle and Carla Happle of Millsboro, Delaware, proceeding *pro se*, filed this action alleging fraud-based claims and other claims against Defendants Mat Ishbia, James Daras, McCalla Raymer, and Cenlar FSB on the basis of diversity jurisdiction. (D.I. 1.) The Complaint is the operative pleading. (*Id.*) Now pending before the Court are Defendant Ishbia's motion to dismiss the Complaint (D.I. 4), Defendant Raymer's motion to dismiss (D.I. 6), Defendants Daras and Cenlar FSB's motion to dismiss (D.I. 14), and Plaintiff's motion to cure (D.I. 20). All pending motions have been briefed by the parties, and the Court hereby resolves the motions as follows.

## II. BACKGROUND

The Complaint alleges that, on January 2, 2024 in Sussex County, Delaware, unspecified Defendants committed criminal offenses and civil violations involving fraud, threats, coercion, forgery, theft by deception, actual and attempted extortion, slavery, racketeering, actual and implied color of law violations, unauthorized use of a trade name, dishonor in commerce, "forced use of financial information," and other improper uses of personal information, a telephone number, and a street address/mailing location. (D.I. 1 at 4-5.)

The Complaint further alleges, at an unspecified time and in an unspecified location, United Wholesale Mortgage, of which Defendant Ishbia is the CEO, took Plaintiffs' "promissory notes in the amounts of $290,000.00 and $280,000.00[,] executed both promissory note[s], removed [Plaintiffs'] funds from [the] trust account, and committed fraud by lying as to where the funds originated from." (*Id.* at 6.) United Wholesale Mortgage allegedly engaged "in the practi[c]e of disguising a promissory note as a mortgage application." (*Id.*)

Finally, the Complaint alleges that one Defendant has never produced evidence of "a valid contract, proof that United Wholesale Mortgage lent Plaintiffs money," despite repeated requests from Plaintiffs. (*Id.* at 7-8.) Allegedly, Plaintiffs' "application created the fund and [Plaintiffs'] funds were handed to [Plaintiffs] by the bank under fraud." (*Id.* at 8.) The timing, location, and parties involved (other than Plaintiffs) are not specified.

Regarding injuries sustained from the foregoing, the Complaint alleges that "fraud vitiates everything" and that Plaintiffs "do not want to be involved in fraudulent activity." (*Id.* at 9.) Regarding relief sought, the Complaint states that Plaintiffs seek forty-two million dollars in money damages and other forms of relief, including, "total discharge of all alleged debt." (*Id.*)

2

## III. LEGAL STANDARD

Because Plaintiffs proceeds *pro se*, Plaintiffs' pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet the Complaint must be more than a formulaic recitation or a conclusory statement of Defendant's culpability. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n. 27 (3d Cir. 2010). The Court therefore construes all well-pleaded allegations and inferences drawn therefrom in Plaintiffs' favor. *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009).

As a preliminary matter, the Complaint must meet the notice of pleading standard set out in Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a complaint can refer to defendants collectively, but it must state "enough facts to render it plausible that each defendant individually has performed at least one type of" wrongful act that would render him or her liable for the violations alleged. *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 488 (D. Del. 2021). Put another way, the Court must be able to tell from a complaint which defendant allegedly committed which wrongful act.

3

*See id.* "Each allegation must be simple, concise, and direct," pursuant to Rule 8(d)(1). Fed. R. Civ. P. 8(d)(1).

Furthermore, because the Complaint alleges fraud-based claims, it must meet the relevant pleading standard set out in Federal Rule of Civil Procedure 9. Rule 9(b) requires a complaint alleging fraud-based claims to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In satisfying this requirement, the Complaint "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). "[B]oilerplate and conclusory allegations" do not meet Rule 9(b)'s particularity requirement. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997) (citing *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 285 (3d Cir. 1992)).

## IV. DISCUSSION

Upon review of the Complaint, and with the benefit of adversarial briefing, the Court finds that the Complaint is deficiently pled. The Complaint does not meet the notice of pleading standard set out in Federal Rules of Civil Procedure 8 and 9. As such, dismissal is warranted.

No allegation in the Complaint clearly states to which Defendant it pertains, and even when viewed in the light most favorable to Plaintiffs, the allegations are

wholly conclusory. To remedy these deficiencies, Plaintiffs would need to simply, concisely, and directly state: (1) the specific events which serve as the basis for Plaintiffs' claims; (2) the dates on which these events took place, the individuals involved, and the location of events; (3) specifically how each individually named Defendant is involved in the claims; (4) the harm Plaintiffs suffered, if any, from each violation; and (5) the relief that Plaintiffs seek through this action.

To the extent that Plaintiffs intends to allege constitutional civil rights violations against Defendants (all non-state actors), amendment appears futile, as the Court cannot plausibly infer from the facts presented that any Defendant has acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (per curiam); *Itiowe v. Trentonian*, 620 F. App'x 65, 67 n.2 (3d Cir. 2015) (per curiam).

Moreover, amendment is futile for any claim alleged against Defendants that is based on a federal criminal law not conferring a private right of action. Private parties, such as Plaintiffs, have no right to enforce criminal statutes. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (per curiam); *see also United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996).

Plaintiffs will be given an opportunity to file an amended complaint remedying the deficiencies discussed above. If Plaintiffs choose to file an amended

5

complaint, Plaintiffs may not add any new claims. Plaintiffs may only amend the allegations in the Complaint to remedy the above-discussed deficiencies. Plaintiffs should be advised that filing an amended complaint, which fails to remedy the above-discussed deficiencies, is likely to result in dismissal with prejudice. Alternatively, if Plaintiffs choose not to timely file an amended complaint, the Complaint will be dismissed without prejudice and this case will be closed.

## V. CONCLUSION

For the above reasons, the Court will grant Defendants' motions to dismiss the Complaint (D.I. 4, 6, 14) and deny Plaintiff's motion to cure (D.I. 20) as moot.

An appropriate Order will be entered.